UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 2:10-cr-28
HON. ROBERT HOLMES BELL

BRIAN SCOTT FISHER,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

Defendant Brian Scott Fisher has filed a motion to suppress evidence seized as the fruit of an alleged unlawful search and seizure. Defendant argues that his Fourth Amendment rights were violated when Upper Peninsula Substance Enforcement Team (UPSET) officers placed a Global Positional System (GPS) device on his vehicle to track his movements without first obtaining a search warrant.[1] A hearing was held on December 17, 2010. Testifying at the hearing were Detective Trooper Jim Maki, DEA Agent Ryan White, Trooper William Luebs, and defendant Brian Fisher. The GPS unit used in this case was the same unit used in the case of *United States v. Walker*, No. 2:10-cr-32. The parties requested that the testimony offered in the *Walker* case regarding the GPS unit be considered in this case. Accordingly, the Court's Report and Recommendation in the *Walker* case is attached and the factual findings regarding the GPS unit are adopted in this case.

Defendant was arrested for possession with intent to deliver cocaine. UPSET officers first learned about defendant in May of 2010 after receiving information that defendant, his girlfriend

---

[1] Defendant challenges the use of the GPS unit. Defendant does not maintain that there was not probable cause to search his vehicle if the information from the GPS unit is considered.

and Patrick Wayne had cocaine sources in Lansing, Michigan, and Chicago, Illinois. UPSET officers received information that defendant was planning to drive to Lansing, Michigan, in a white four door Oldsmobile on May 28, 2010, to obtain cocaine and return to Escanaba, Michigan, the next day. An UPSET officer attached the GPS unit to the bumper of defendant's vehicle on May 28, 2010, while the vehicle was parked in the street. The unit returned location signals through the use of cellular telephone towers when a call was placed to the unit. UPSET confirmed that defendant traveled to Lansing and back to Escanaba.

On June 4, 2010, an UPSET detective changed the battery pack on the GPS unit. A confidential informant told UPSET that defendant was planning a trip to Chicago to obtain cocaine. The officers tracked defendant's travels by setting up geographic "fences" which sent a text message to a telephone when the unit crossed the fence line. One fence was set up north of Chicago. On June 11, 2010, officers observed defendant's vehicle leave Escanaba and head south towards Chicago. Officers followed defendant until he arrived north of Chicago. By checking the GPS device, officers discovered that the vehicle was parked outside a location in Plainfield, Illinois. This was confirmed by physical surveillance. On June 14, 2010, the GPS monitor sent a text message indicating that the unit crossed the northern Chicago "fence." UPSET officers positioned themselves on US Highway 41 between Green Bay, Wisconsin, and Marinette, Wisconsin, to intercept the vehicle. The vehicle was followed near Oconto, Wisconsin, into Michigan where it was stopped. A dog trained in narcotics indicated a positive response for narcotics near the passenger door. A search of the vehicle revealed three ounces of cocaine. No warrants were obtained to search the vehicle.

For the reasons stated in *United States v. Walker*, the undersigned recommends that the Court find the use of the GPS unit did not constitute a Fourth Amendment search. It is further

recommended that viewing the totality of the circumstances, including the information learned through use of the GPS unit, there was probable cause to justify the search of defendant's vehicle on June 14, 2010. The information from the confidential informant as corroborated, the physical surveillance, and the GPS unit information provided probable cause to search the vehicle. Furthermore, no warrant was necessary because the vehicle exception to the warrant requirement applies.

Accordingly, it respectfully recommended that defendant's Motion to Suppress Evidence (Docket #19) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 11, 2011