UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

UNITED STATES OF AMERICA,

                                                              Case No. 2:10-cr-28

v.                                                           Honorable R. Allan Edgar

BRIAN SCOTT FISHER,

        Defendant.
_____/

UNITED STATES OF AMERICA,

                                                              Case No. 2:10-cr-32

v.                                                           Honorable R. Allan Edgar

ASHLEY ROSE WALKER,

       Defendant.
_____/

## MEMORANDUM AND ORDER

Following the Supreme Court's holding in *United States v. Jones*, 132 S. Ct. 945 (2012), these cases were remanded to this Court and subsequently consolidated. The parties have agreed that the following issues are presented for consideration following the remand:

> 1. Whether *Jones* necessitates the granting of Defendant-Appellant's original motion to suppress evidence;
>
> 2. Whether law enforcement officers had an objectively reasonable basis for believing that their attachment of a GPS transmitter to the Defendant-Appellant's vehicle was authorized under then-existing precedent and, if so, whether the good-faith exception to the exclusionary rule applies; and
> 3. Whether the evidence at issue would inevitably have been discovered despite the use of the GPS.

Defendant Fisher and Defendant Walker have filed motions to suppress the evidence obtained and statements made following their arrests and following the search of Defendant Fisher's vehicle and of Defendant Walker's vehicle and residence. Fisher, Doc. No. 77; Walker, Doc. No. 81. On December 12, 2012, U.S. Magistrate Judge Greeley submitted a Report and Recommendation ("R&R") on this matter. Fisher, Doc. No. 95. Magistrate Judge Greeley found that the law enforcement officers acted with an objectively reasonable good-faith belief that their conduct was lawful when attaching the GPS units to Defendant Walker and Defendant Fisher's vehicles. Doc. No. 95, pp. ID 484-85. Magistrate Judge Greeley recommended that the good faith exception to the exclusionary rule be applied in these cases, and that Defendants' motions to suppress be denied. *Id.*, p. ID 488.

If the Court were to disagree and find that the good faith exception did not apply, Magistrate Judge Greeley recommended the Court find that a warrant was required for the GPS surveillance that took place in these cases and grant both Defendants' motions to suppress. *Id.*, pp. ID 489-90. If the Court were to find that a warrant was not required for the GPS installations but that probable cause was required, Magistrate Judge Greeley recommended that Defendant Fisher's motion to suppress be granted and that Defendant Walker's motion to suppress be denied. *Id.*, pp. ID 490-91. This recommendation was based on Magistrate Judge Greeley's finding that the controlled buys and the corroborated information received from the confidential informant created sufficient probable cause to justify installation of the GPS unit on Defendant Walker's vehicle; however, only reasonable suspicion existed to justify installation of the GPS unit on Defendant Fisher's vehicle. *Id.*, p. ID 490. Magistrate Judge Greeley recommended that, if the Court were to find that only

reasonable suspicion is required to install GPS units, both motions to suppress should be denied. *Id.*, p. ID 491.

Finally, Magistrate Judge Greeley addressed the issue of what evidence should be excluded if one or both of the motions to suppress are granted. Doc. No. 95, p. ID 491. Magistrate Judge Greeley found that law enforcement had sufficient probable cause, when excluding the GPS information, to arrest the Defendants and to search their vehicles. *Id*. Therefore, it was recommended that the evidence obtained following the Defendants' arrests, including the evidence found following the searches of their vehicles, should not be excluded. *Id*. at p. ID 492.

Both the government and Defendants have filed objections to the R&R. Fisher, Doc. No. 96, 97; Walker, Doc. No. 81. This Court is required to make a *de novo* determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Cr. P. 59.

Defendants argue in their objections that the holding in *Davis v. United States*, 131 S. Ct. 2419 (2011), requires that police obtain a warrant if there is no binding circuit precedent on an issue. Def. Obj., Doc. No. 96, pp. ID 495, 498, ¶¶ 4, 10. Since there was no binding Sixth Circuit precedent at the time of the GPS installations in these cases, Defendants argue that warrants should have been obtained and the good faith exception does not apply.

While there was no binding Sixth Circuit precedent on the GPS issue at the time of the GPS tracking, other circuits had uniformly held that GPS tracking was not a Fourth Amendment search. *See United States v. Garcia*, 474 F.3d 994 (7th Cir. 2007); *United*

3

*States v. Marquez*, 605 F.3d 604 (8th Cir. 2010); *United States v. Pineda-Mareno*, 591 F.3d 1212 (9th Cir. 2010). "Whether law enforcement's reliance on non-binding precedent in other circuits satisfies the good-faith exception has split a number of district courts facing the warrantless GPS device issue, with some concluding such reliance satisfies the good-faith exception, and others holding it does not." *United States v. Ford*, 2012 WL 5366049, at *10 (E.D. Tenn. Oct. 30, 2012) (Collier, J.) (footnotes omitted) (collecting cases).

This Court agrees with Magistrate Judge Greeley's finding that the good faith exception should be applied in the present cases. In *Davis*, the Supreme Court was dealing with "[t]he question [of] whether to apply the exclusionary rule when the police conduct a search in objectively reasonable reliance on binding judicial precedent." 131 S. Ct. at 2428. The Supreme Court's holding, therefore, applies to cases in which binding judicial precedent is present; it does not, in this Court's opinion, foreclose the possibility of the good faith exception being applied in cases where only non-binding precedent exists.

The Supreme Court in *Davis* focused on the lack of police culpability as dooming Davis's claim, stating that "[p]olice practices trigger the harsh sanction of exclusion only when they are deliberate enough to yield 'meaninfu[l]' deterrence, and culpable enough to be 'worth the price paid by the justice system." *Davis*, 131 S. Ct. at 2429, *citing Herring v. United States*, 555 U.S. 135, 144 (2009). In the present cases, there is similarly a lack of police culpability. The decisions from the courts of appeals of other circuits at the time of the GPS installations had uniformly found that GPS tracking was not a Fourth Amendment search. Furthermore, as Magistrate Judge Greeley explains, the beeper cases of *United States v. Knotts*, 460 U.S. 276 (1983) and *United States v. Karo*, 468 U.S. 705 (1984), and the Sixth Circuit cases interpreting those decisions provided guidance to law enforcement.

The exclusionary rule does not apply when "police act with an objectively 'reasonable good-faith belief' that their conduct is lawful." *Davis*, 131 S. Ct. at 2427, *citing United States v. Leon*, 468 U.S. 897, 909 (1984). The precedent from the other courts of appeals on the GPS issue, combined with the beeper cases, was sufficient to create an objectively reasonable good faith belief that the attaching of the GPS devices was lawful. The Court also agrees with Magistrate Judge Greeley's concern regarding the hampering of law enforcement efforts if a warrant has to be sought with each change in technology. Law enforcement's reliance on existing precedent at the time of the GPS tracking was objectively reasonable, and its conduct fails to demonstrate the culpability necessary to justify the use of the exclusionary rule in the present cases. *Davis* does not mandate a different outcome.

In their objections, Defendants argue that the Sixth Circuit's decision in *United States v. Buford*, 632 F.3d 264 (6th Cir. 2011) makes clear that the good faith exception cannot be applied in the present cases. Def. Obj., Doc. No. 96, p. ID 497, ¶ 7. In *Buford*, the Sixth Circuit held that "exclusion is not the appropriate remedy when an officer reasonably relies on a United States Court of Appeals' well-settled precedent prior to a change in that law." *Buford*, 632 F.3d at 276 (footnote omitted). In a footnote, the Sixth Circuit stated the following: "Like the Eleventh Circuit, we also 'stress, however, that our precedent on a given point must be unequivocal before we will suspend the exclusionary rule's operation." *Id*. at 276, n.9 (citation omitted). Defendants argue that precedent was clearly not unequivocal, since there was no binding precedent at the time of the GPS installations. Judge Collier addressed this issue in *United States v. Ford*:

> [T]he Court believes the thrust of the "unequivocal" language in *Buford* is to dissuade law enforcement from constructing legal rationales based on cases analyzing supposedly analogous practices and arguing reliance on untested legal theories

5

> satisfies the good-faith exception. The court in *Buford* was not confronted with the question of relying on non-binding precedent in other jurisdictions where that precedent dealt explicitly with the practice in controversy.

2012 WL 5366049, at *11, n.10. This Court agrees with Judge Collier's analysis of the footnote in *Buford*. Since *Buford* was dealing with existing binding precedent, it appears likely that the "unequivocal" language was included to ensure that law enforcement did not inappropriately attempt to rely on circuit precedent that actually dealt with different issues. As Judge Collier points out, *Buford* is not dealing with a situation like the one here, in which non-binding precedent dealt explicitly with the issue of GPS tracking. *Buford* therefore does not mandate a different result from the one reached here.

Defendants argue that Magistrate Judge Greeley was mistaken in finding the law review note cited by Defendants in their briefs to be unhelpful. Specifically, Defendants argue that the note demonstrates that "the law was hotly debated and unsettled at the time of these searches and seizures." Def. Obj., Doc. No. 96, p. ID 496, ¶ 5. Initially, the Court notes that the law review note was published in 2005, several years before the GPS installations took place in the present cases. *See* April A. Otterberg, Note, *GPS Tracking Technology: the Case for Revisiting* Knotts *and Shifting the Supreme Court's Theory of the Public Space Under the Fourth Amendment*, 46 B.C. L. REV. 661 (May 2005). Because it was published years earlier, the note cannot be viewed as discussing the state of GPS tracking law at the time at issue here. Furthermore, the law review note states that:

> Only a few courts have specifically considered whether the monitoring of GPS tracking devices is distinguishable from the monitoring of the beepers used in *Knotts* and *Karo*. Moreover, only a few courts have mentioned the possible constitutional implications of the monitoring of GPS tracking devices. Two federal courts have ignored or declined to address the monitoring issue, another federal court has held monitoring a

6

> GPS device was not a search by relying on the *Knotts* reasoning, and two state courts have held monitoring a GPS device constituted a search on state law grounds.

*Id*. at 680. Contrary to Defendants' assertion, the law review note does not demonstrate that the law at the time concerning the constitutionality of GPS installations was hotly debated or unsettled. Rather, the note demonstrates that only a few courts had considered the issue in 2005, and that the only ones to find GPS monitoring to constitute a search were state law cases that based their reasoning on state law grounds. The law review note does not provide support for Defendants' position that the law was greatly unsettled and hotly debated at the time of the GPS installations in the present cases.

Defendants further argue that state case law demonstrate that the law was debated and unsettled at the time of the GPS installations. As Magistrate Judge Greeley correctly asserted in his R&R, "UPSET officers should not be required to look to state court decisions in other states interpreting a state constitution for guidance on the Fourth Amendment." R&R, Fisher, Doc. No. 95, p. ID 474. The state case law discussed in the law review note refers to a Washington state supreme court case, in which GPS tracking was found to require a warrant under the state constitution. Otterberg, Note, at 681, *citing State v. Jackson*, 76 P.3d 217 (Wash. 2003). In reaching its holding, the Washington supreme court recognized that "the Washington version of the Fourth Amendment is broader in scope than the federal Fourth Amendment." *Id*. The issue in the present cases concerns the scope of the Fourth Amendment under the United States Constitution, and the protections afforded by state constitutions, such as those disclosed in *Jackson*, are therefore irrelevant to the analysis.

Defendants raise an objection to Magistrate Judge Greeley's alternative findings. Def. Obj., Doc. No. 96, p. ID 499, ¶ 12. Also, the government objects to "the absence of a specific finding" on the inevitable discovery exception's application to the cocaine in Defendant Fisher's vehicle. Gov't Obj., Doc. No. 97, p. ID 502. The Court finds it unnecessary to address these objections in light of its determination that the good faith exception applies to the present cases.

Defendants' objections [Fisher, Doc. No. 96; Walker, Doc. No. 81] and the government's objections [Fisher, Doc. No. 97] are without merit and are OVERRULED. The good faith exception to the exclusionary rule applies in the present cases. The Court APPROVES and ADOPTS the portions of Magistrate Judge Greeley's R&R [Fisher, Doc. No. 95] dealing with that finding as the opinion of the Court. Defendant Walker and Defendant Fisher's motions to suppress [Fisher, Doc. No. 77; Walker, Doc. No. 61] are DENIED.

SO ORDERED.

Dated: 1/18/2013 /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge